**LABATON SUCHAROW LLP**
Christopher J. Keller (*pro hac vice* pending)
Eric J. Belfi (*pro hac vice* pending)
Francis P. McConville (*pro hac vice* pending)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Hakam Altohol and*
*Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (#290685)
Rina Restaino (#285415)
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Local Counsel for Hakam Altohol*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAN M. HASAN, on behalf of himself and all others similarly situated, | Case No. 4:19-cv-07149-YGR |
| Plaintiff, | **CLASS ACTION** |
| v. | **NOTICE OF MOTION AND MOTION OF HAKAM ALTOHOL FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| TWITTER, INC., JACK DORSEY, AND NED SEGAL, | |
| Defendants | Date:  February 4, 2020 Time: 2:00PM Courtroom: 1 – 4th Floor Judge:  Yvonne Gonzalez Rogers |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KHAFRE BARCLIFT, on behalf of himself and all others similarly situated,

Plaintiff,

v.

TWITTER, INC., JACK DORSEY, AND NED SEGAL,

Defendants.

Case No. 5:19-cv-07992-BLF

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

NOTICE OF MOTION AND MOTION ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.      STATEMENT OF THE ISSUES TO BE DECIDED ........................................................ 1

II.     PRELIMINARY STATEMENT ........................................................................................ 2

III.    FACTUAL BACKGROUND ............................................................................................. 3

IV.     ARGUMENT ..................................................................................................................... 4

      A.      The Actions Should Be Consolidated .................................................................... 4

      B.      Altohol Should Be Appointed Lead Plaintiff ......................................................... 5

            1.      The PSLRA Standard for Appointing Lead Plaintiff ................................ 5

      C.      Altohol Is the "Most Adequate Plaintiff" .............................................................. 6

            1.      Altohol Satisfied the PSLRA's Procedural Requirements ........................ 6

            2.      Altohol Has the Largest Financial Interest in the Outcome
                 of the Action ............................................................................................. 7

            3.      Altohol Satisfies Rule 23's Typicality and Adequacy
                 Requirements ............................................................................................ 7

                 (a)      Altohol's Claims Are Typical of Those of the Class .................... 8

                 (b)      Altohol Will Fairly and Adequately Protect the Interests of
                      the Class ....................................................................................... 8

      D.      The Court Should Approve Altohol's Choice of Counsel ..................................... 9

CONCLUSION ........................................................................................................................ 10

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...............................................................................................6, 9

5

6

*In re Cohen v. United States*,
  586 F.3d 703 (9th Cir. 2009) ....................................................................................................9

7

*Crihfield v. CytRx Corp.*,
  No. CV 16-05519 SJO, 2016 WL 10587938
  (C.D. Cal. Oct. 26, 2016) ......................................................................................................4, 5

8

9

*Mohanty v. Bigband Networks, Inc.*,
  No. C 07-5101 SBA, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008)...........................................8

10

11

*Richardson v. TVIA, Inc.*,
  No. C 06 06304-RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...................................7

12

13

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ........................................................................................6, 7

14

**Rules & Statutes**

15

Fed. R. Civ. P. 23............................................................................................................... *passim*

16

Fed. R. Civ. P. 42.................................................................................................................1, 2, 5

17

15 U.S.C. 78u-4 *et seq*. ........................................................................................................ *passim*

18

**Docketed Cases**

19

20

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)........................................................................................................9

21

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ......................................................................................................9

22

23

*In re Broadcom Corp. Class Action Litig.*,
  No. 06-cv-05036 (C.D. Cal.) .....................................................................................................9

24

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) .......................................................................................................9

25

26

*In re Mercury Interactive Corp. Sec. Litig.*,
  No. 05-cv-3395 (N.D. Cal.) .......................................................................................................9

27

28

1    **NOTICE OF MOTION AND MOTION**

2    **TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

3           **PLEASE TAKE NOTICE** that Lead Plaintiff movant Hakam Altohol ("Altohol") by

4    and through his counsel, hereby moves this Court in Courtroom 1 – 4th Floor of the Honorable

5    Yvonne Gonzalez Rogers at the United States District Court, Northern District of California,

6    Oakland Courthouse, 1301 Clay Street, Oakland California 94612, on February 4, 2020 at 2:00

7    p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (i) consolidating

8    the above-captioned actions pursuant to Rule 42 of the Federal Rules of Civil Procedure; (ii)

9    appointing Altohol as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of

10   1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (iii) approving the selection of Labaton Sucharow

11   LLP ("Labaton Sucharow") as Lead Counsel for the Class (the "Motion"); and (iv) granting such

12   other and further relief as the Court may deem just and proper.

13          This Motion is made on the grounds that Altohol believes he is the "most adequate

14   plaintiff" under the PSLRA, and should therefore be appointed Lead Plaintiff.  Specifically,

15   Altohol believes he has the "largest financial interest" in the relief sought by the Class in this

16   litigation.  Altohol also otherwise satisfies the requirements of Rule 23 of the Federal Rules of

17   Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims, and

18   because he will fairly and adequately represent the Class.

19          This Motion is based upon the accompanying Memorandum of Law in support thereof,

20   the Declaration of Francis P. McConville ("McConville Decl.") filed herewith, the pleadings and

21   other filings herein, and such other written or oral argument as may be permitted by the Court.

22          **MEMORANDUM OF POINTS AND AUTHORITIES**

23   **I.     STATEMENT OF THE ISSUES TO BE DECIDED**

24          1.    Whether the Court should consolidate the above-captioned actions pursuant to

25   Rule 42(a) of the Federal Rules of Civil Procedure;

26          2.    Whether the Court should appoint Altohol as Lead Plaintiff pursuant to 15 U.S.C.

27   § 78u-4(a)(3)(B); and

28

---

1          3.        Whether the Court should approve of Altohol's selection of Labaton Sucharow as

2    Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

3    **II.        PRELIMINARY STATEMENT**

4          Presently pending in this District are the two above-captioned securities class actions

5    brought on behalf of all persons and entities who purchased Twitter, Inc. ("Twitter" or the

6    "Company") securities from August 6, 2019 through October 23, 2019, inclusive (the "Class

7    Period").[1]   The Action charges Twitter and certain of its officers and/or directors (collectively,

8    "Defendants") with violations of the Securities Exchange Act of 1934 (the "Exchange Act") and

9    SEC Rule 10b-5 promulgated thereunder.

10         In securities class actions, the PSLRA requires district courts to resolve consolidation

11   before appointing a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the actions should

12   be consolidated because they each involve identical legal and factual questions.  *See* Fed. R. Civ.

13   P. 42(a); § IV.A., *infra*.

14         As soon as practicable after its decision on consolidation, pursuant to the PSLRA, this

15   Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-

16   4(a)(3)(B)(i).  In that regard, the Court is required to determine which member of the Class has

17   the "largest financial interest" in the relief sought in this litigation, and also whether that movant

18   has made a *prima facie* showing that it is a typical and adequate Class representative under Rule

19   23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

20         Altohol respectfully submits that he should be appointed Lead Plaintiff because he has

21   the "largest financial interest" in this litigation and has made the requisite showing of typicality

22   and adequacy required by the standards of the PSLRA.  As set forth in detail below, Altohol

23   incurred ***$97,840*** in losses as a result of his transactions in Twitter securities during the Class

24

25   ──────────────────

26         [1] The first filed action, captioned *Hasan v. Twitter, Inc.*, No. 19-cv-07149 (N.D. Cal. Oct.
     29, 2019), is currently pending before this Court (the "*Hasan* Action").  The second filed action,
27   captioned *Barclift v. Twitter, Inc.*, No. 19-cv-07992 (N.D. Cal. Dec. 5, 2019), is currently
     pending before the Honorable Beth Labson Freeman (the "*Barclift* Action") (together with the
28   *Hasan* Action, the "Action").  On December 19, 2019, Judge Freeman *sua sponte* submitted
     before this Court a referral to determine whether the *Barclift* Action is related to the *Hasan*
     Action.  *See Hasan* Action, ECF No. 24.

1  Period.[2]   In light of this significant loss, Altohol has a substantial financial interest in the relief

2  sought by this litigation—an interest believed to be greater than that of any competing movant.

3       Altohol also meets the typicality and adequacy requirements of Rule 23 as required by

4  the PSLRA, because his claims are typical of those of absent Class members, and because he will

5  fairly and adequately represent the interests of the Class.  Accordingly, Altohol is the "most

6  adequate plaintiff" and should be appointed Lead Plaintiff.

7       Altohol has also demonstrated his adequacy through his selection of Labaton Sucharow

8  as Lead Counsel on behalf of the Class.  Labaton Sucharow is a nationally recognized securities

9  class action firm that has recovered billions of dollars for the benefit of injured investors, and has

10  the expertise and resources necessary to handle litigation of this complexity and scale.

11       Accordingly, Altohol requests that the Court appoint him Lead Plaintiff and otherwise

12  grant his Motion.

13  **III.    FACTUAL BACKGROUND**

14       Twitter describes itself as a global platform for public self-expression and conversation in

15  real time.  Twitter is available in more than 40 languages around the world.  The service can be

16  accessed via twitter.com, an array of mobile devices via Twitter owned and operated mobile

17  applications (e.g., Twitter for iPhone and Twitter for Android), and SMS (text messaging)

18       Twitter generates the substantial majority of its revenue from advertising.  Twitter

19  enables its advertisers to target an audience based on a variety of factors, including a user's

20  interests—called an "interest graph".  The interest graph maps, among other things, interests

21  based on users followed and actions taken on our platform, such as Tweets created and

22  engagement with Tweets.  In addition, when someone joins Twitter, it asks users for their

23  permission to use their device settings and data—additional information which helps Twitter and

24  its advertisers to target consumers.

25

26

27       [2] A Copy of the PSLRA-required Certification is attached as Exhibit A to the accompanying
    McConville Decl., which sets forth all transactions for Altohol in Twitter securities during the
28  Class Period.  In addition, a chart reflecting the calculation of Altohol's losses as a result of his
    Class Period transactions in Twitter securities is attached as Exhibit B to the McConville Decl.

1    On August 6, 2019, Twitter publicly disclosed through a tweet that it recently found

2  issues where certain user settings choices designed to target advertising were not working as

3  intended.  Twitter represented that "We recently discovered and fixed issues related to your

4  settings choices for the way we deliver personalized ads, and when we share certain data with

5  trusted measurement and advertising partners."

6    However, unknown to investors, while Twitter represented that it "fixed" certain issues

7  relating to user choice settings, Defendants (defined below) failed to disclose that the changes

8  implemented to fix these issues adversely affected Twitter's ability to target advertising,

9  including the targeting of advertising through its Mobile App Promotion ("MAP") product,

10  which caused a material decline in advertising revenue.

11    On October 24, 2019, before the market opened, the Company disclosed its financial

12  results for the quarter ended September 30, 2019 and conducted a conference call with investors.

13  Twitter's revenue of $823.7 million was over 5 percent lower than analysts' estimate of $874

14  million.  Weaker-than-expected advertising revenues caused this revenue shortfall.

15    During the conference call, Defendant Jack Dorsey ("Dorsey"), Twitter's Chief

16  Executive Officer, disclosed that software defects caused by the changes implemented before the

17  beginning of the Class Period had negatively affected the Company's third quarter financial

18  results and that the negative effects on advertising revenue would continue through at least the

19  fourth quarter of 2019.

20    On this news, Twitter's shares declined from a closing price of $38.83 per share on

21  October 23, 2019, to close at $30.73 per share, a decline of $8.10 per share, or over 20%, on

22  heavier than average trading volume (over 105 million shares traded).

23  IV.   **ARGUMENT**

24    A.    **The Actions Should Be Consolidated**

25    Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") states that "'[i]f actions

26  before the court involve a common question of law or fact, the court may: (1) join for hearing or

27  trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other

28  orders to avoid unnecessary cost or delay.'"  *Crihfield v. CytRx Corp.*, No. CV 16-05519 SJO

---

1  (SKx), 2016 WL 10587938, at *2 (C.D. Cal. Oct. 26, 2016).  The PSLRA contemplates

2  consolidation where "more than one action on behalf of a class asserting substantially the same

3  claim or claims arising under this chapter has been filed."  15 U.S.C. 78u-4(a)(3)(B)(ii).  As

4  such, the PSLRA does not displace the traditional legal standards for consolidation under Rule

5  42(a).

6         Consolidation of the above-captioned actions is proper where, as here, the actions involve

7  common questions of law and fact such that consolidation would prevent unnecessary cost or

8  delay in adjudication.  Each of the actions has been filed in this District alleging similar factual

9  and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the

10  Exchange Act arising from the public dissemination of false and misleading information to

11  investors.  Accordingly, the actions should be consolidated pursuant to Rule 42(a) for all

12  purposes.

13         **B.      Altohol Should Be Appointed Lead Plaintiff**

14         Altohol respectfully submits that he is the presumptively "most adequate plaintiff"

15  because he has complied with the PSLRA procedural requirements, holds the largest financial

16  interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy

17  requirements.

18         **1.      The PSLRA Standard for Appointing Lead Plaintiff**

19         The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff

20  for "each private action arising under [the Exchange Act] that is brought as a plaintiff class

21  action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also*

22  15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by

23  the PSLRA, specifies that:

24               Not later than 20 days after the date on which the complaint is
                 filed, the plaintiff or plaintiffs shall cause to be published, in a
25               widely circulated national business-oriented publication or wire
                 service, a notice advising members of the purported plaintiff
26               class --

27               (I)     of the pendency of the action, the claims asserted therein,
                 and the purported class period; and

28

---

1

2

> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

3    15 U.S.C. § 78u-4(a)(3)(A)(i).

4    Next, under the PSLRA, a court is to consider any motion made by class members and

5    appoint the movant that the court determines to be most capable of adequately representing the

6    interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

7

8

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

9

10   15 U.S.C. § 78u-4(a)(3)(B)(i).

11   In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most

12   adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as lead

13   plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise

14   satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re*

15   *Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for

16   selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the

17   presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of

18   the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately

19   representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Tanne v. Autobytel, Inc.,*

20   226 F.R.D. 659, 668 (C.D. Cal. 2005) (same).

21   **C.    Altohol Is the "Most Adequate Plaintiff"**

22   **1.    Altohol Satisfied the PSLRA's Procedural Requirements**

23   Altohol filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15

24   U.S.C. § 78u-4(a)(3)(A)(i), on October 30, 2019, counsel for the Plaintiff in the first-filed action

25   caused notice regarding the pending nature of this case to be published on *PR Newswire*, a

26   widely circulated, national, business-oriented news reporting service.  *See* Notice, McConville

27   Decl. Ex. C.  Thus, as permitted by the PSLRA, any person or group of persons may apply to be

28

1   appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before

2   December 30, 2019.  Altohol filed his motion within the required period.

### 2.      Altohol Has the Largest Financial Interest in the Outcome of the Action

5   The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

6   plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief

7   sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23."

8   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Richardson v. TVIA, Inc.*, No. C 06 06304-RMW,

9   2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA's lead plaintiff

10  appointment process).

11  During the Class Period, Altohol suffered substantial losses of ***$97,840*** as a result of his

12  transactions in Twitter securities.  *See* Loss Analysis, McConville Decl. Ex. B.  Altohol is

13  presently unaware of any other movant with a larger financial interest in the outcome of the

14  Action.  Consequently, and because he also satisfies Rule 23's typicality and adequacy

15  requirements, Altohol is entitled to the legal presumption that he is the most adequate plaintiff.

### 3.      Altohol Satisfies Rule 23's Typicality and Adequacy Requirements

17  In addition to possessing the largest financial interest in the outcome of the litigation,

18  Altohol satisfies the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-

19  4(a)(3)(B)(iii)(I)(cc).  With respect to class certification, Rule 23(a) requires that: (i) the class is

20  so numerous that joinder of all members is impracticable; ii) there are questions of law or fact

21  common to the class; (iii) such claims are typical of those of the class; and (iv) the representative

22  will fairly and adequately protect the interests of the class.  *See* FED. R. CIV. P. 23(a).  However,

23  at the lead-plaintiff-selection stage, all that is required is a preliminary showing that the lead

24  plaintiff's claims are typical and adequate.  *See, e.g.*, *Autobytel*, 226 F.R.D. at 667 (noting that a

25  "preliminary showing" of typicality and adequacy is all that is necessary at the lead plaintiff

26  stage).

27

28

1

                     **(a)**      **Altohol's Claims Are Typical of Those of the Class**

2           The typicality requirement of Rule 23(a)(3) is satisfied "when: (1) the claims of the

3    proposed lead plaintiff arise from the same course of conduct that gives rise to the other

4    purported class members' claims, (2) the claims are based on the same legal theory, and (3) the

5    purported class members and proposed lead plaintiff were injured by the same conduct."

6    *Mohanty v. Bigband Networks, Inc.,* No. C 07-5101 SBA, 2008 WL 426250, at *5 (N.D. Cal.

7    Feb. 14, 2008).  Here, the claims that Altohol asserts are typical of the claims of the other

8    members of the putative Class because, like all other Class members, Altohol: (i) purchased

9    Twitter securities during the Class Period; (ii) was adversely affected by Defendants' allegedly

10    false and misleading statements; and (iii) suffered damages as a result thereof.  Because the

11    claims that Altohol asserts are based on the same legal theories and arise "from the same event or

12    practice or course of conduct that gives rise to the claims of other class members," typicality is

13    satisfied.  *See Newberg*, *et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002).  Thus,

14    Altohol satisfies the typicality requirement.

15                     **(b)**      **Altohol Will Fairly and Adequately Protect the Interests of the Class**

16

17           Altohol will fairly and adequately represent the interests of the proposed Class.  Under

18    Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the

19    Class."  FED. R. CIV. P. 23(a)(4).  With respect to adequacy, a movant is an adequate class

20    representative when it "does not have interests antagonistic to the proposed class, and when the

21    proposed lead plaintiff has retained experienced and capable counsel." *See Mohanty*, 2008 WL

22    426250, at *5.  No antagonism exists between Altohol's interests and those of the absent Class

23    members; rather, the interests of Altohol and Class members are squarely aligned.

24           In addition, Altohol has demonstrated his adequacy through his selection of Labaton

25    Sucharow as Lead Counsel to represent the Class in this action.  As discussed more fully below,

26    Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and

27    efficiently, and timely submitted its choice to the Court for approval, in accordance with the

28

1    PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).  Accordingly, Altohol satisfies the

2    adequacy requirement.

3          **D.      The Court Should Approve Altohol's Choice of Counsel**

4          The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the

5    class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court

6    should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests

7    of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586

8    F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel,

9    the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264

10   F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in

11   whom a litigant has confidence is an important client prerogative and we will not lightly infer

12   that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did

13   not.  While the appointment of counsel is made subject to the approval of the court, the Reform

14   Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

15         Here, Altohol has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead

16   Counsel for the proposed Class.  Labaton Sucharow has significant experience in prosecuting

17   securities class actions and has excelled as lead counsel in numerous landmark securities class

18   actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served

19   as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-

20   8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured

21   investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities,*

22   *Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead

23   counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities*

24   *Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton Sucharow was a lead counsel in *In*

25   *re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which

26   achieved a settlement of $624 million—one of the largest securities fraud settlements arising

27   from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead

28   counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton

1    Sucharow presently serves as lead and co-lead counsel in several significant investor class

2    actions.  *See* McConville Decl., Ex. D.

3         Thus, the Court may be assured that by granting this motion and approving Altohol's

4    selection of Labaton Sucharow as Lead Counsel, the Class will receive the highest caliber of

5    legal representation.

6                                             **CONCLUSION**

7         For the foregoing reasons, Altohol respectfully requests that the Court: (i) consolidate the

8    above-captioned actions; (ii) appoint Altohol as Lead Plaintiff; (iii) approve the selection of

9    Labaton Sucharow as Lead Counsel for the Class; and (iv) grant such other and further relief as

10   the Court may deem just and proper.

11   DATED:  December 30, 2019                Respectfully submitted,

12                                            */s/ Francis P. McConville*

13                                            **LABATON SUCHAROW LLP**
                                              Christopher J. Keller (*pro hac vice* pending)
14                                            Eric J. Belfi (*pro hac vice* pending)
                                              Francis P. McConville (*pro hac vice* pending)
15                                            140 Broadway
                                              New York, New York 10005
16                                            Telephone: (212) 907-0700
                                              Facsimile: (212) 818-0477
17                                            ckeller@labaton.com
                                              ebelfi@labaton.com
18                                            fmcconville@labaton.com

19
                                              *Counsel for Hakam Altohol and*
20                                            *Proposed Lead Counsel for the Class*

21
                                              **THE SCHALL LAW FIRM**
22                                            Brian Schall (#290685)
                                              Rina Restaino (#285415)
23                                            1880 Century Park East, Suite 404
                                              Los Angeles, California 90067
24                                            Telephone: (310) 301-3335
                                              Facsimile: (310) 388-0192
25                                            brian@schallfirm.com
                                              rina@schallfirm.com
26
                                              *Local Counsel for Hakam Altohol*
27

28

1

**CERTIFICATE OF SERVICE**

2
I HEREBY CERTIFY that on December 30, 2019, I electronically filed the foregoing

3
with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing

4
to all counsel of record.

5
_/s/ Francis P. McConville_____
Francis P. McConville

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28