1  Laurence D. King (SBN 206423)
   Mario M. Choi (SBN 243409)
2  **KAPLAN FOX & KILSHEIMER LLP**
   1999 Harrison Street, Suite 1560
3  Oakland, CA 94612
   Telephone: 415-772-4700
4  Facsimile: 415-772-4707
   *lking@kaplanfox.com*
5  *mchoi@kaplanfox.com*

6  Adam C. McCall (SBN 302130)
   Adam M. Apton (SBN 316506)
7  **LEVI & KORSINSKY, LLP**
   388 Market Street, Suite 1300
8  San Francisco, CA 94111
   Tel: (415) 373-1671
9  Email: amccall@zlk.com
   Email: aapton@zlk.com
10
   *[additional counsel on signature page]*
11
   *Counsel for Movant the Twitter Investor Group*
12

13                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
14                         **OAKLAND DIVISION**

15

| | |
|---|---|
| KHAN M. HASAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, and NED SEGAL,<br><br>Defendants. | Case No.: 4:19-cv-07149-YGR<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE TWITTER INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor<br>Date: February 4, 2020<br>Time: 2:00 p.m. |

[Additional Caption Below]

| | |
|---|---|
| KHAFRE BARCLIFT, on behalf of himself and all other similarly situated<br><br>    Plaintiff,<br><br>    v.<br><br>TWITTER, INC., JACK DORSEY, and NED SEGAL,<br><br>    Defendants. | Case No.: 5:19-cv-07992-BLF |

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 4, 2020 at 2:00 p.m., or as soon thereafter as set by the Court, in Courtroom 1 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, 4th Floor, Oakland, California 94612, the Honorable Yvonne Gonzalez Rogers presiding, movant the Twitter Investor Group will, and hereby do, respectfully move this Court, under the Federal Rules of Civil Procedure ("Rule") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) consolidating the above-captioned actions (the "Related Actions") pursuant to Rule 42(a); (2) appointing the Twitter Investor Group as lead plaintiff for a putative class of all persons or entities that transacted in Twitter, Inc. ("Twitter" or the "Company") securities between August 6, 2019 and October 23, 2019, inclusive (the "Class Period") (the "Class"); (3) approving movant's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel; and (4) granting such other relief as the Court may deem just and proper.

This motion is made on the grounds that the Twitter Investor Group believes that it is the most adequate plaintiff possessing claims arising out of the Exchange Act for the Class. 15 U.S.C. § 78u-4(a)(3)(B). In addition, the Twitter Investor Group meets the requirements of Rule 23 because its claims are typical of the claims of members of the Class and the Twitter Investor Group will fairly and adequately represent the Class. Finally, the Twitter Investor Group has selected and retained Kaplan Fox and Levi & Korsinky to serve as co-lead counsel, law firms with substantial experience in prosecuting complex securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Laurence D. King in Support of the Twitter Investor Group's Motion for Consolidation of the Related Actions, Appointment as Lead Plaintiff. and Approval of Co-Lead Counsel, dated December 30, 2019 ("King Decl."), the pleadings and other files and records in each of the Related Actions, and upon such other written or oral argument as may be presented to the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should consolidate the above-captioned actions pursuant Rule 42(a).

2. Whether the Twitter Investor Group should be appointed Lead Plaintiff.

3. Whether the Court should approve the Twitter Investor Group's selection of Kaplan Fox and Levi Korsinsky as Co-Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Twitter Investor Group respectfully submits this memorandum of law in support of its motion for: (1) consolidation of the Related Actions pursuant to Rule 42(a); (2) appointment as Lead Plaintiff for the Class, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (3) approval of its selection of Kaplan Fox and Levi & Korsinksy as Co-Lead Counsel for the Class; and (4) such other relief as the Court may deem just and proper. The Twitter Investor Group believes that it has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed Lead Plaintiff for the Class and to have its selection of counsel approved. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(v); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1217 (9th Cir. 2000); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

I. **INTRODUCTION**

Presently pending in this District are at least two related securities class actions, brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Twitter, Jack Dorsey, and Ned Segal (collectively, the "Defendants") for violations of the federal securities laws relating to the Company's alleged false and misleading statements throughout the Class Period.

The Related Actions consist of the following cases:

| Case Name | Case Number | Date Filed | Class Definition |
|---|---|---|---|
| *Hasan v. Twitter, Inc.* (the "*Hasan* Action") | 19-CV-07149-YGR | October 29, 2019 | "all persons or entities who purchased the publicly traded common stock of Twitter from August 6, 2019 through October 23, 2019, inclusive" |

| *Barclift v. Twitter, Inc.* (the "*Barclift* Action"*)* | 19-cv-07992-BLF | December 5, 2019 | "all persons or entities who purchased the Twitter securities from August 6, 2019 through October 23, 2019, inclusive" |
|---|---|---|---|

Pursuant to the PSLRA, after consolidation, this Court must appoint the member or members of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Twitter Investor Group believes that it is the movant with the largest financial interest that otherwise meets the applicable requirements under Rule 23.

Finally, the Twitter Investor Group respectfully requests that the Court approve Kaplan Fox and Levi & Korsinsky as Co-Lead Counsel for the Class. *See* § III.C.2.c., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.  SUMMARY OF THE PENDING ACTIONS

On October 29, 2019, the *Hasan* Action was filed and notice was published to class members on *PR Newswire* on October 30, 2019, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* King Decl., Exh. 1. The Notice advised purchasers of Twitter securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id.* The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff by December 30, 2019, the first business day on which the Court would be open 60 days after publication of the Notice. *Id.*

The *Barclift* Action is based on similar facts as in the *Hasan* Action.

The Related Actions allege that Twitter, a global platform for public self-expression and conversation in real time, generates a substantial majority of its revenue from advertising. *See Hasan* Compl., ¶¶ 2-3. Twitter enables its advertisers to target an audience based on a variety of factors, including a user's interests – called an "interest graph." *Id.* The interest graph maps, among other things, interests based on users followed and actions taking on the Twitter platform. *Id.*

The Complaint alleges that, on August 6, 2019, Twitter publicly disclosed that it found issues where certain user settings choices designed to target advertising were not working as intended. *Id.* ¶¶ 4, 23. Twitter represented that "We recently discovered and fixed issues related to your settings choices for the way we deliver personalized ads, and when we share certain data with trusted

measurement and advertising partners." *Id.*

However, unknown to investors, while Twitter represented that it had "fixed" certain issues relating to user choice settings, Defendants failed to disclose that the implemented changes adversely affected Twitter's ability to target advertising, including the targeting of advertising through its Mobile App Promotion product, which caused a material decline in advertising revenue. *Id.* ¶ 5.

On October 24, 2019, Twitter disclosed its financial results for the quarter ended September 30, 2019 and conducted a conference call with investors. *Id.* ¶¶ 6, 31. Twitter's revenue of $823.7 million was over 5% lower than analysts' estimate of $874.0 million. *Id.* Weaker-than-expected advertising revenues caused this shortfall. *Id.*

Details emerged during the conference call with investors that software defects caused by the changes implemented before the beginning of the Class Period had negatively affected Twitter's third quarter financial results and that the negative effects on advertising revenue would continue through at least the fourth quarter of 2019. *Id.* ¶¶ 7, 32-33.

On this news, Twitter's shares declined from a closing price of $38.83 per share on October 23, 2019, to close at $30.73 per share, a decline of $8.10 per share, or over 20%, on heavier than average trading volume (over 105 million shares traded). *Id.* ¶¶ 8, 34.

### III. ARGUMENT

#### A. The Court Should Consolidate the Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u–4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* There are at least two related securities class actions pending in this District on behalf of investors who purchased or sold Twitter securities during the Class Period.

Consolidation pursuant to Rule 42(a) is proper where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Mulligan v. Impax Labs, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013); *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008). Courts recognize that class action shareholder

1. suits are well-suited for consolidation because consolidation conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009); *Mohanty*, 2008 WL 426250, at *3-4.

Here, the Related Actions concern the same defendants, arise out of the same or similar transactions or occurrences, and involve substantially similar alleged issues of fact and law. In an effort to ensure consistent rulings and to avoid unduly burdensome duplication of labor and expense, the Court should consolidate the Related Actions.

### B.     Legal Standards

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and 78u-4(a)(3)(B)(i). Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the relevant sections of the Exchange Act, the Court "shall" appoint the "most

adequate plaintiff," and is to presume that the most adequate plaintiff is the person or group of persons which:

 (aa) has either filed the complaint or made a motion in response to a notice. . .;

 (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The action was filed on October 29, 2019 and notice was published over *PR Newswire* national wire service on October 30, 2019. *See* King Decl., Ex. 1.[1] The time period in which class members may move to be appointed lead plaintiff in this case expires on December 30, 2019. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Civ. L.R. 23-1(b). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, the Twitter Investor Group timely moved this Court to be appointed Lead Plaintiff on behalf of the Class.

Under the relevant sections of the Exchange Act, a rebuttable presumption exists whereby the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30; *see also Z-Seven Fund, Inc.*, 231 F.3d at 1217; *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021, at *2-3 (N.D. Cal. Dec. 16, 2019); *Wong v. Arlo Techs., Inc.*, No. 19-cv-00372-BLF, 2019 WL 2010706, at *2 (N.D. Cal. May 6, 2019); *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *2 (N.D. Cal. May 29, 2018); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016).

---

[1] Online wire services like *PR Newswire* are suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009) (quoting *Cavanaugh*, 306 F.3d at 729).

**C.     The Twitter Investor Group is the Most Adequate Plaintiff**

**1.     The Twitter Investor Group has the Largest Financial Interest**

The Twitter Investor Group suffered substantial losses of more than $410,000 as a result of purchasing over 30,000 shares of Twitter securities at artificially inflated prices. *See* King Decl., Ex. 4. The Twitter Investor Group is not aware of any other movant with a larger financial interest, believes it has the largest financial interest of any lead plaintiff movant, and therefore believes it is presumptively entitled to appointment as Lead Plaintiff.

**2.     The Twitter Investor Group Satisfies Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.") (citations omitted). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the appointed lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA, Inc.*, No. C 06 6304 RMW,

2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007). As detailed below, the Twitter Investor Group satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff on behalf of the Class.

### a. The Twitter Investor Group's Claims are Typical

Under Rule 23(a)(3), "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Richardson*, 2007 WL 1129344, at *4.

The claims asserted by the Twitter Investor Group are based on the same legal theory and arise out of the same course of events as the other purported Class members' claims. Members of the Twitter Investor Group purchased Twitter securities, as did each member of the Class, at prices artificially inflated or otherwise manipulated by Defendants' untrue statements of material fact and material omissions and were damaged thereby. Thus, the Twitter Investor Group satisfies the typicality requirement of Rule 23(a).

### b. The Twitter Investor Group is Adequate

The adequacy requirement of Rule 23(a) is met when the prospective lead plaintiff has selected qualified, experienced counsel and there are no "conflicts between the representative and class interests." *Richardson*, 2007 WL 1129344, at *4; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Luna v. Marvell Tech. Grp. Ltd*, No. 15-cv-05447-RMW, 2016 WL 469422, at *3 (N.D. Cal. Feb. 8, 2016). Here, the Twitter Investor Group's interests are clearly aligned with the members of the proposed Class, and there is no evidence of any antagonism between the Twitter Investor Group's interests and those of the proposed Class. As detailed above, the Twitter Investor Group's claims raise similar questions of law and fact as claims of the members of the Class, and the Twitter Investor Group's claims are typical of the members of the Class.

Further, the Twitter Investor Group has amply demonstrated its adequacy and willingness to

serve as and assume lead plaintiff responsibilities. The signed Certifications of each member of the Twitter Investor Group and the Joint Declaration in support of the Twitter Investor Group's Motion for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Co-Lead Counsel evidence their understanding of the duties they owe to the Class and their commitment to work together to monitor this class action, including implementing procedures and processes to efficiently and effectively prosecute this litigation. *See* King Decl., Exs. 2, 3; *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, No. MDL 09-02014 JSW, 2009 WL 2710413, at *3 (N.D. Cal. Aug. 26, 2009) (noting that members of group selected as lead plaintiff were sophisticated investors who attested to "work together to monitor the litigation and to ensure the litigation is efficiently prosecuted"). This evidence demonstrates that the Twitter Investor Group accepts the fiduciary obligations it will assume if appointed as lead plaintiff in this action. *See id.*; *In re Silicon Storage Tech., Inc. Sec. Litig.*, No. C 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246, at *28-29 (N.D. Cal. May 3, 2005) (finding that, as fiduciaries, investors selected as lead plaintiff were "experienced in representing the long-term interests of many small investors and in protecting the assets of their participants and beneficiaries").

Finally, the Twitter Investor Group has selected Kaplan Fox and Levi & Korsinsky – counsel highly experienced in prosecuting complex securities class actions – to represent it. *See* King Decl., Exs. 5, 6. The close alignment of interests between the Twitter Investor Group and other members of the Class, and its strong desire to prosecute this action on behalf of the Class, provide ample reason to grant the Twitter Investor Group's motion for appointment as Lead Plaintiff on behalf of the Class. Accordingly, the Twitter Investor Group satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

    **c. This Court Should Approve the Twitter Investor Group's Selection of Counsel**

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Thus, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir.

2009) (citation omitted). The Twitter Investor Group has retained Kaplan Fox and Levi & Korsinsky to file a lead plaintiff motion, a consolidated complaint, and to serve as Co-Lead Counsel to pursue this litigation on behalf of itself and the proposed Class. Kaplan Fox and Levi & Korsinsky possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* King Decl., Exs. 5, 6; *see In re Violin Memory, Inc., Sec. Litig.*, No. 4:13-cv-05486-YGR, 2016 WL 8118169 (N.D. Cal. July 28, 2016) (final approval of settlement). Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV. CONCLUSION

For all of the foregoing reasons, the Twitter Investor Group respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint it as Lead Plaintiff; (3) approve its choice of Kaplan Fox and Levi & Korsinsky as Co-Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED: December 30, 2019

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:   /s/ *Laurence D. King*
          Laurence D. King

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

Robert N. Kaplan (*pro hac vice* to be filed)
Frederic S. Fox (*pro hac vice* to be filed)
Donald R. Hall (*pro hac vice* to be filed)
Jeffrey P. Campisi (*pro hac vice* to be filed)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*rkaplan@kaplanfox.com*
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*jcampisi@kaplanfox.com*

**LEVI & KORSINSKY, LLP**

By:    /s/ *Adam C. McCall*
          Adam C. McCall

Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Counsel for Movant the Twitter Investor Group*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

I, Laurence D. King, attest that concurrence in the filing of this document has been obtained from the other signatory.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of December 2019, at Oakland, California.

By:    /s/ *Laurence D. King*
              Laurence D. King