# Exhibit 3

**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

*Attorneys for the Twitter Investor Group*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| KHAN M. HASAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>TWITTER, INC., JACK DORSEY, and NED SEGAL,<br><br>Defendants. | No. 3:19-cv-07149-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**JOINT DECLARATION OF THOMAS DO, MICHAEL J. CONROY, AND RICH SLEPKO IN SUPPORT OF THE TWITTER INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Date: February 4, 2020<br>Time: 2:00 p.m.<br>Courtroom: 1-4th Floor |
| KHAFRE BARCLIFT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>TWITTER, INC., JACK DORSEY, and NED SEGAL, | No. 4:19-cv-07992-BLF<br><br>Hon. Beth Labson Freeman |

JOINT DECLARATION OF THOMAS DO, MICHAEL J. CONROY, AND RICH SLEPKO IN SUPPORT OF
THE TWITTER INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL
NOS. 3:19-cv-07149-YGR and 4:19-cv-07992-BLF

Defendants.

We, the undersigned, pursuant to 28 U.S.C. § 1746 declare as follows:

1. We, Thomas Do, Michael J. Conroy, and Rich Slepko (collectively, the "Twitter Investor Group") respectfully submit this Joint Declaration in support of our motion for consolidation of the above-captioned actions (the "Actions"), appointment as lead plaintiff, and approval of selection of counsel in the instant class action on behalf of investors in the securities of Twitter, Inc. ("Twitter" or the "Company") between August 6, 2019 through October 23, 2019, inclusive (the "Class Period"). We are each informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. Each of us has personal knowledge about the information in this Joint Declaration relating to ourselves, and if called as witnesses, we each could and would testify competently thereto (unless our knowledge is on information and belief, in which case we will so state).

3. I, Thomas Do, suffered significant losses as a result of my transactions in securities of Twitter during the Class Period and am motivated to recover these losses on my own behalf and on behalf of other investors who were similarly damaged. I currently reside in Rosemead, California. I am a retired/disabled Veteran of the United States Marine Corps. and have a bachelor's degree. I consider myself to be a sophisticated investor and began trading over 12 years ago. I decided to seek appointment as lead plaintiff with Michael J. Conroy and Rich Slepko after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of a class.

4. I, Michael J. Conroy, suffered significant losses as a result of my transactions in securities of Twitter during the Class Period and am motivated to recover these losses on my own behalf and on behalf of other investors who were similarly damaged. I currently reside in Canton, Massachusetts. I am currently retired, but previously worked for Polaroid Corporation for 25 years. I consider myself to be a sophisticated investor and began trading over 15 years ago. I

decided to seek appointment as lead plaintiff with Thomas Do and Rich Slepko after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of a class.

5. I, Rich Slepko, suffered significant losses as a result of my transactions in securities of Twitter during the Class Period and am motivated to recover these losses on my own behalf and on behalf of other investors who were similarly damaged. I currently reside in North Ridgeville, Ohio. I am currently retired, but previously worked as a construction ironworker for over 32 years and have completed three years of college in business administration. I consider myself to be a sophisticated investor and began trading over 40 years ago. I decided to seek appointment as lead plaintiff with Thomas Do and Michael J. Conroy after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of a class.

6. The Twitter Investor Group believes that the allegations against Twitter are meritorious and that the class will benefit from having highly motivated investors with substantial financial interests at stake control the action. Further the Twitter Investor Group believes that the class will benefit from a leadership structure that contains three individual investors. The parties feel that their combined efforts, knowledge, and diverse background will better serve the Class. If appointed lead plaintiff, the Twitter Investor Group's primary goal will be to ensure that the class achieves the largest possible recovery.

7. On October 29, 2019, Kaplan Fox and Kilsheimer LLP ("Kaplan Fox"), counsel for the plaintiff, Khan M. Hasan, filed a securities class action complaint entitled *Hassan v. Twitter, Inc., et al.* No. 3:19-cv-07149 (the "First-Filed Action") in this District, asserting claims against Twitter, Jack Dorsey, and Ned Segal (collectively "Defendants").

8. Thomas Do decided to retain Levi & Korsinsky, LLP ("Levi & Korsinsky") after reviewing the complaint filed in the First-Filed Action and discussing the merits of the allegations and his interest in recovering the losses he suffered and the losses of other shareholders. During these discussions, Mr. Do expressed a willingness to work with other like-minded investors who

1  suffered significant losses.

2  9. Michael J. Conroy decided to retain Levi & Korsinsky after reviewing the
3  complaint filed in the First-Filed Action, and discussing the merits of the allegations and his
4  interest in recovering the losses he suffered and the losses of other shareholders. During these
5  discussions, Mr. Conroy expressed a willingness to work with other like-minded investors who
6  suffered significant losses.

7  10. Rich Slepko decided to retain Kaplan Fox and Kilsheimer LLP after reviewing the
8  complaint filed in the First-Filed Action and discussing the merits of the allegations and his
9  interest in recovering the losses he suffered and the losses of other shareholders. During these
10 discussions, Mr. Slepko expressed a willingness to work with other like-minded investors who
11 suffered significant losses.

12 11. Upon learning of each other's interest in this matter, we, Tomas Do, Michael J.
13 Conroy, and Rich Slepko, participated in a telephonic meeting on December 27, 2019, to discuss,
14 among other things: the allegations and the strength of the claims against Defendants; a strategy
15 for prosecuting these actions; the role of the lead plaintiff and the lead plaintiff selection and
16 litigation process; the benefits that the class would receive from the leadership of a combined lead
17 plaintiff; a shared desire to achieve the best possible result for the class; our interests in
18 prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to
19 continue to ensure that the class' claims will be zealously and efficiently litigated.

20 12. As a result, Mr. Do, Mr. Conroy, and Mr. Slepko decided to coordinate efforts in
21 a group, the Twitter Investor Group, to jointly seek lead plaintiff and discussed jointly-managing
22 the litigation against Twitter, as further discussed herein. In connection with this decision the
23 parties recognized that they retained highly-qualified counsel to serve as co-lead counsel for the
24 class. The Twitter Investor Group is committed to maximizing recovery for the class and will
25 ensure that lead counsel works expeditiously and effectively to bring about a fair resolution to the
26 allegations in this action.

27 13. We discussed the importance of selecting qualified counsel to represent the
28

JOINT DECLARATION OF THOMAS DO, MICHAEL J. CONROY, AND RICH SLEPKO IN SUPPORT OF
THE TWITTER INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL
NOS. 3:19-cv-07149-YGR and 4:19-cv-07992-BLF

interests of the class and to do so efficiently. With respect to the Twitter Investor Group's selected counsel, we believe that the class will benefit from having two law firms experienced in successfully litigating securities class actions. The Twitter Investor Group is aware of and has been advised of the experience, resources, and successes of its proposed co-lead counsel, Levi & Korsinsky and Kaplan Fox, and are aware that both are accomplished law firms with histories of achieving significant settlements and corporate governance reforms with defendants. Through the Twitter Investor Group's oversight of its proposed co-lead counsels, we fully believe that Levi & Korsinsky and Kaplan Fox will prosecute this litigation in a zealous and efficient manner.

14.  The members of the Twitter Investor Group each understand that the PSLRA and courts in this District permit groups to serve as lead plaintiff when the group can function cohesively and proves that it will actively monitor the litigation to represent the interests of the class. The Twitter Investor Group intends to prosecute the action against Twitter and the other Defendants in such an independent manner. The Twitter Investor Group agrees that its collective resources, and ability to deliberate and engage in joint decision-making will materially benefit and advance the interests of the class in this case.

15.  Each one of the Twitter Investor Group's members are highly motivated to recover their substantial losses and intend to share their perspectives, experiences, and resources to direct this litigation. To this end, during our December 27, 2019 telephonic meeting, we discussed the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that the Twitter Investor Group is able to make timely decisions.

16.  We have agreed that we will exercise joint decision-making and will jointly communicate with proposed co-lead counsels regarding the progress and prosecution of this action on a regular basis as well as when important decisions need to be made related to the action. To that end, we have agreed that proposed co-lead counsel will provide us with periodic status reports and hold regular joint calls to discuss: (i) new developments in the action, (ii) all significant decisions concerning the prosecution of the case, (iii) litigation and settlement

1  strategies, (iv) significant pleadings and briefs, (v) important discovery issues, (vi) attorney and
2  expert work being performed, and (vii) any other issues bearing on the effective and efficient
3  prosecution of this matter. Further, we agreed that the parties will make themselves available for
4  any appearances, depositions, and other necessary meetings to facilitate the prosecution of this
5  action.

6      17.    Given our obligations to the class and our shared common interest in maximizing
7  the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions.
8  However, in the unlikely event that a disagreement arises, we agree to consult our attorneys at
9  Levi & Korsinsky and Kaplan Fox. If we still cannot agree, we agree to vote on the matter and be
10  bound by the majority.

11      18.    The Twitter Investor Group is committed to satisfying the fiduciary obligations
12  that it will assume if appointed lead plaintiff, including by conferring with counsel regarding
13  litigation strategy and other matters, attending court proceedings, depositions, settlement
14  mediations, and hearings as needed, and reviewing and authorizing the filing of important
15  litigation documents. Through these and other measures, the Twitter Investor Group will ensure
16  that the Twitter securities litigation will be vigorously prosecuted consistent with the requirements
17  of the lead plaintiff provisions under the PSLRA and in the best interests of the class and will
18  seek to obtain the greatest possible recovery for the class.

19      19.    The members of the Twitter Investor Group understand that one of the primary
20  responsibilities of the lead plaintiff under the PSLRA is to select and retain lead counsel and to
21  supervise the prosecution of the case. We believe that it is essential to the satisfaction of our
22  fiduciary responsibility to the class to select and retain lead counsel that have a proven track
23  record of handling these types of cases and that will operate pursuant to our direction and
24  authority. Moreover, we are familiar with the law firms that handle this type of litigation and
25  believe that Levi & Korsinsky and Kaplan Fox are highly experienced and qualified to represent
26  the class as co-lead counsel in these Actions. We believe that the appointment of the Twitter
27  Investor Group as lead plaintiff and approval of Levi & Korsinsky and Kaplan Fox as co-lead
28

1  counsel will further the best interests of the class.

2  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
3  statements relating to myself are true and correct to the best of my knowledge.
4  Executed this ___ day of December 2019
5

6  _____
7  Thomas Do

8

9  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
10 statements relating to myself are true and correct to the best of my knowledge.
11 Executed this ___ day of December 2019
12

13 _____
14 Michael J. Conroy

15

16 Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
17 statements relating to myself are true and correct to the best of my knowledge.
18 12/27/2019
   Executed this ___ day of December 2019
19
   DocuSigned by:
20 _____
   Rich Slepko
21

22

23

24

25

26

27

28

JOINT DECLARATION OF THOMAS DO, MICHAEL J. CONROY, AND RICH SLEPKO IN SUPPORT OF
THE TWITTER INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL
NOS. 3:19-cv-07149-YGR and 4:19-cv-07992-BLF

counsel will further the best interests of the class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this ___ day of December 2019

_____
Thomas Do

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this ___ day of December 2019

_____
Michael J. Conroy

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this ___ day of December 2019

_____
Rich Slepko

JOINT DECLARATION OF THOMAS DO, MICHAEL J. CONROY, AND RICH SLEPKO IN SUPPORT OF
THE TWITTER INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL
NOS. 3:19-cv-07149-YGR and 4:19-cv-07992-BLF