POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant
and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KHAN M. HASAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, and NED SEGAL,<br><br>Defendants. | Case No.: 4:19-cv-07149-YGR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE WESTON FAMILY PARTNERSHIP LLLP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION<br><br><u>CLASS ACTION</u><br><br>Date:  February 4, 2020<br>Time:  2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Courtroom:  1 – 4th Floor |

| | |
|---|---|
| KHAFRE BARCLIFT, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>TWITTER, INC., JACK DORSEY, and NED SEGAL,<br><br>                              Defendants. | Case No.: 5:19-cv-07992-YGR<br><br>CLASS ACTION |

Movant the Weston Family Partnership[1] respectfully submits this memorandum of points and authorities in further support of its motion, pursuant to the PSLRA, for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of its selection of Pomerantz as Lead Counsel (Dkt. No. 28), and in opposition to the competing motion of Thomas Do, Michael J. Conroy, and Richard Slepko (collectively, the "Twitter Investor Group") (Dkt. No. 31).[2]

**PRELIMINARY STATEMENT**

The Related Actions allege violations of the federal securities laws by Twitter and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Weston Family Partnership, having incurred aggregate losses of $473,033 in connection with the fraud alleged in this action—significantly more than the $413,073 in losses incurred by the only competing movant, the Twitter Investor Group. The table below sets forth the Weston Family Partnership's losses compared to those of the other movants:

| Movant | Loss[3] |
|---|---|
| Weston Family Partnership | $473,033 |
| Twitter Investor Group | $413,073 |

---

[1] All capitalized terms herein are defined in the Weston Family Partnership's moving brief, unless otherwise indicated. *See* Dkt. No. 28.
[2] Another putative Class member, Hakam Altohol ("Altohol"), initially filed a similar competing motion. Dkt. No. 26. January 10, 2020, Altohol filed a notice of non-opposition to competing motions, stating that "it appears that Altohol does not possess the 'largest financial interest in the relief sought by the class,'" within the meaning of the PSLRA. Dkt. No. 36.
[3] Both movants' loss figures as discussed herein are calculated on a last-in, first-out ("LIFO") basis. *See*, *e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

1

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF THE WESTON FAMILY PARTNERSHIP LLLP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION - 4:19-cv-07149-YGR; 5:19-cv-07992-YGR

Having incurred a loss of $473,033, the Weston Family Partnership has the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *10-*11 (N.D. Cal. Aug. 22, 2008).

In addition, the Weston Family Partnership satisfies the adequacy and typicality requirements of Rule 23. The Weston Family Partnership's claims are based on the same legal theory, and arise from the same events and course of conduct as the Class claims. *See*, *e.g.*, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992); *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006). There is no antagonism between the interests of the Weston Family Partnership and those of the Class; its losses demonstrate that the group has a sufficient interest in the outcome of this litigation; and, in Pomerantz, the Weston Family Partnership has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

The only competing movant, the Twitter Investor Group, not only lacks the largest financial interest in the litigation, but is additionally disqualified from consideration because it is an attorney-driven aggregation of unrelated investors. Courts in this Judicial District and the Ninth Circuit routinely deny motions by such groups, finding that their appointment would be at odds with the PSLRA's statutory purposes. *Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *22. *See also Markette v. Xoma Corp.*, No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701, at *29 (N.D. Cal. May 13, 2016); *In re Gemstar-TV Guide Int'l, Inc. Secs. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002); *Apple v. LJ Int'l*, Nos. CV 07-6076 GAF (JWJx) *et al.*, 2008 U.S. Dist. LEXIS 12618, at *14-*15 (C.D. Cal. Feb. 8, 2008).

For the reasons set forth herein, the Weston Family Partnership respectfully submits that its motion should be granted in its entirety.

## ARGUMENT

### I. THE WESTON FAMILY PARTNERSHIP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The Weston Family Partnership Possesses The Greatest Financial Interest In This Litigation

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest" (*In re Goodyear Tire & Rubber Co. Sec. Litig.*, Case No. 5:03CV2166, 2004 U.S. Dist. LEXIS 27043, at *16 (N.D. Ohio May 12, 2004)), courts in the Ninth Circuit and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016) (the "most important Olsten-Lax factor is the financial loss suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (finding the amount of the financial loss "the most significant" factor); *In re Comverse Tech., Inc. Sec. Litig.*, 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, the Weston Family Partnership possesses the largest financial interest in the litigation. The following chart compares the Weston Family Partnership to the Twitter Investor Group, the only other movant seeking appointment as Lead Plaintiff:

| Movant | Loss |
|---|---|
| Weston Family Partnership | $473,033 |
| Twitter Investor Group | $413,073 |

As the chart illustrates, the Weston Family Partnership plainly has the largest financial interest in this litigation. Its loss of $473,033 incurred in connection with the alleged fraud is roughly $60,000 greater than the loss allegedly incurred by the Twitter Investor Group.

**B.     The Weston Family Partnership Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, the Weston Family Partnership has also made a *prima facie* showing sufficient to satisfy the typicality and adequacy requirements of Rule 23. To overcome the strong presumption entitling the Weston Family Partnership to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

The Weston Family Partnership has further demonstrated its adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

\* \* \* \* \*

Because the Weston Family Partnership has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, the Court should appoint the group as Lead Plaintiff.

## II. THE TWITTER INVESTOR GROUP IS AN IMPROPER GROUPING OF UNRELATED INVESTORS

Separate and apart from lacking the "largest financial interest" in this litigation within the meaning of the PSLRA, the Twitter Investor Group is not entitled to the statutory "most adequate plaintiff" presumption on a separate basis, because it is an improper grouping of investors.

> Although the PSLRA allows groups to serve as lead plaintiffs, "courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff." *In re Gemstar-TV Guide Int'l, Inc. Secs. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002). Courts have held either that this construction fails to meet the adequacy prong of Rule 23 or that it makes the group unfit to be appointed lead plaintiff because it is contrary to legislative intent. In either event, the analysis and the result are the same because acting contrary to the purposes of the PSLRA, which was designed to benefit class members, would also threaten the interests of the purported class.

*Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *22. *See also Markette*, 2016 U.S. Dist. LEXIS 63701, at *29; *Gemstar-Tv Guide Int'l*, 209 F.R.D. at 452; *Apple*, 2008 U.S. Dist. LEXIS 12618, at *14-*15.

Here, the Twitter Investor Group appears to be precisely the type of lawyer-driven group that courts in this Judicial District and the Ninth Circuit have declined to appoint as Lead Plaintiffs. The group submitted a Joint Declaration in support of its motion, but rather than obviating concerns as to its adequacy, the Joint Declaration only confirms that the Twitter Investor Group's members were introduced by counsel. *See* Dkt. No. 31-4 ¶¶ 8-11. *See Markette*, 2016 U.S. Dist. LEXIS 63701, at *29 (denying motion by investor group notwithstanding submission of joint declaration in support, finding it "clear that [the group] was 'created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel and, as such, are 'groups' of the sort district courts in this circuit and throughout the country look upon with disfavor.'") (quoting *Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *29). The fact that the three group members have nominated two law firms to serve as Co-Lead Counsel is

further evidence of undue involvement of counsel in the group's formation.  *See Gemstar Tv Guide Int'l*, 209 F.R.D. at 452 (denying motion by investor group that did "not explain why it must be represented by two firms, each of which appears independently capable of prosecuting this action," finding that "[t]he sheer number of attorney seeking to represent [movants] suggests that counsel, rather than [movants] would control this litigation, in contravention of the PSLRA's intent.").

In sum, "the record before this Court establishes that the [Twitter Investor Group] consists of an unrelated group of persons whose only connection is the 'happenstance of having bought the same securities' and whose aggregation seems to be motivated by the sole purposes of aggregating their claims to attain presumptive lead plaintiff status." *Apple*, 2008 U.S. Dist. LEXIS 12618, at *14-*15 (quoting *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1023 (N.D. Cal. 1999)).  Because the appointment of the Twitter Investor Group would be wholly at odds with the purposes of the PSLRA, the group's motion must be denied.

### III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher v. Guess?, Inc.*, CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).

Here, the Weston Family Partnership has selected Pomerantz as Lead Counsel for the Class.  As the firm's resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 28-6.  Thus, the Court may be assured that by approving the selection of counsel by the Weston Family Partnership, the members of the class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in its moving brief (Dkt. No. 28), the Weston Family Partnership respectfully requests that the Court issue an Order (i) consolidating the Related Actions, appointing the Weston Family Partnership as Lead Plaintiff for the Class, and approving Pomerantz as Lead Counsel for the Class; and (ii) denying the competing motion of the Twitter Investor Group.

Dated: January 13, 2020                 Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant
and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I hereby certify that on January 13, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　　*/s/ Jennifer Pafiti*
　　　　　　　　　　　　　　　　　　　　　Jennifer Pafiti