LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Elizabeth L. Deeley (Bar No. 230798)
 elizabeth.deeley@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Hilary H. Mattis (Bar No. 271498)
 hilary.mattis@lw.com
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

Andrew B. Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
 andrew.clubok@lw.com
 susan.engel@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: + 1.202.637.2201

Attorneys for Defendants *Twitter, Inc., Jack Dorsey and Ned Segal*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE TWITTER, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No.: 4:19-cv-07149-YGR<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: October 13, 2020<br>Time: 2:00 p.m.<br>Courtroom: 1<br>Hon: Yvonne Gonzalez Rogers |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

**MEMORANDUM IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Defendants Twitter, Inc. ("Twitter"), Jack Dorsey and Ned Segal (collectively "Defendants") respectfully request that the Court consider the following documents, attached to the Declaration of Susan E. Engel filed concurrently herewith, in support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint," Dkt. 50):

- Exhibit 1, a true and correct copy of the Annual Report on Form 10-K of Twitter, Inc. for the period ended December 31, 2018, as filed with the Securities and Exchange Commission ("SEC") on February 21, 2019;

- Exhibit 2, a true and correct copy of a screenshot of a Tweet entitled "Twitter Support on Twitter," available at https://twitter.com/TwitterSupport/status/1158876245716697089 (last accessed June 10, 2020);

- Exhibit 3, a true and correct copy of a webpage entitled "An issue with your settings choices related to ads on Twitter," available at https://help.twitter.com/en/ads-settings (last accessed June 3, 2020);

- Exhibit 4, a true and correct copy of the Quarterly Report on Form 10-Q of Twitter, Inc. for the period ended September 30, 2019, as filed with the SEC on October 29, 2019;

- Exhibit 5, a true and correct copy of the Q2 2019 Shareholder Letter of Twitter, Inc., Exhibit 99.1 to the Form 8-K, filed with the SEC on July 26, 2019;

- Exhibit 6, a true and correct copy of the Quarterly Report on Form 10-Q of Twitter, Inc. for the period ended June 30, 2019, as filed with the SEC on July 31, 2019;

- Exhibit 7, a true and correct copy of the transcript of Twitter, Inc.'s Question and Answer Presentation at the Citi Global Technology Conference 2019, dated September 4, 2019, available for download from https://s22.q4cdn.com/826641620/files/doc_downloads/2019/Citi-2019-Transcript.pdf (downloaded on June 3, 2020);

- Exhibit 8, a true and correct copy of the Responses and Objections to KBC Asset Management NV's Fifth Set of Interrogatories to Defendant Twitter, Inc., filed as Exhibit 20 to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, *In re Twitter, Inc. Securities Litigation,* Case No. 4:16-CV-05314-JST(SK) (N.D. Cal. filed Sept. 16, 2016) (Dkt. No. 413-6);

- Exhibit 9, a true and correct copy of the Declaration of Michael Nierenberg, filed as Exhibit 1 to Defendants' Administrative Motion to File Under Seal Defendants' Motion for Summary Judgment, *In re Twitter, Inc. Securities Litigation,* Case No. 4:16-CV-05314-JST(SK) (N.D. Cal. filed Sept. 16, 2016) (Dkt. No. 340-1);

- Exhibit 10, a true and correct copy of the Statement of Changes of Beneficial Ownership of Securities on Form 4 of Twitter, Inc. on behalf of Ned D. Segal, as filed with the SEC on August 14, 2019;

- Exhibit 11, a true and correct copy of the Statement of Changes of Beneficial Ownership of Securities on Form 4 of Twitter, Inc. on behalf of Ned D. Segal, as filed with the SEC on September 3, 2019;

- Exhibit 12, a true and correct copy of the Statement of Changes of Beneficial Ownership of Securities on Form 4 of Twitter, Inc. on behalf of Ned D. Segal, as filed with the SEC on September 12, 2019; and

- Exhibit 13, a true and correct copy of the Statement of Changes of Beneficial Ownership of Securities on Form 4 of Twitter, Inc. on behalf of Ned D. Segal, as filed with the SEC on October 9, 2019.

All of these documents may be properly considered by the Court in connection with the Motion to Dismiss because they are (i) incorporated by reference into the Complaint, and/or (ii) subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

I.  **LEGAL STANDARD**

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Under the incorporation by reference doctrine, a document referenced in a complaint may be "properly consider[ed] . . . in its entirety" on a motion to dismiss. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). In other words, "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *City of Roseville Emps.' Ret. Sys. v. Sterling Fin.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013), *aff'd*, 691 F. App'x 393 (9th Cir. 2017).

Further, the Court may take judicial notice of and properly consider for purposes of a motion to dismiss information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Fed. R. Evid. 201(c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). Thus, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider facts that are judicially noticeable without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Allegations in a complaint that are contradicted by matters subject to judicial notice or incorporated by reference need not be accepted as true. *See, e.g.*, *Hints v. Am. Family Life Assurance Co. of Columbus*, Case No. 4:19-cv-03764-YGR, 2020 WL 2512234, at *3 (N.D. Cal. May 15, 2020) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## II.   ARGUMENT

### A.   Exhibits 1-9 Are Incorporated by Reference in the Complaint

Exhibits 1-9 in this Request are incorporated by reference into the Complaint and should be considered by the Court in evaluating Defendants' Motion to Dismiss. Under the incorporation by reference doctrine, documents may be treated "as though they are part of the

complaint itself" if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *In re Aqua Metals, Inc. Sec. Litig.*, Case No. 17-cv-07142-HSG, 2019 WL 3817849, at *5 (N.D. Cal. 2019) (citing *Khoja*, 899 F.3d at 1002). In securities actions, courts routinely incorporate by reference the SEC filings that contain the allegedly misleading statements, as well as documents that plaintiffs rely on as the basis for their allegations that the statements were misleading or that the truth was revealed later in time, or that defendants acted with scienter. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, Case No. 19-cv-02033-YGR, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (incorporating by reference "SEC filings [that] contained misleading statements, and they therefore form the basis of plaintiff's claims[,]" and SEC filings used to "demonstrate scienter, which makes them also integral to plaintiff's claims."); *In re Tesla, Inc. Sec. Litig.*, Case No. 18-cv-04865-EMC, 2020 WL 1873441, at *11 (N.D. Cal. Apr. 15, 2020) (incorporating by reference "documents whose contents are alleged in the complaint when their authenticity is not questioned"); *Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, Case No. 18-cv-07669-HSG, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16 2020) (incorporating by reference "SEC filings . . . and articles" because "the plaintiff refers extensively to the documents and the documents form the basis of the plaintiff's claim") (quotation and alterations omitted); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) (holding that "documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) and are subject to incorporation by reference") (citing *Khoja*, 899 F.3d at 1005); *Park v. GoPro, Inc.*, Case No. 18-cv-00193-EMC, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference documents relied on "to show the truth being revealed" to the market); *In re SunPower Corp. Sec. Litig.*, Case No. 18-cv-00193-EMC, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating by reference documents referred to "explicitly as the ground for [the allegedly] false statements and scienter").

**SEC Filings.** Exhibits 1, 4, 5 and 6 are copies of documents filed by Twitter with the SEC. Exhibit 1 is Twitter's Form 10-K for 2018. Exhibit 4 is Twitter's Form 10-Q for Q3 2019. Exhibit 5 is Twitter's Shareholder Letter for Q2 2019, which was Ex. 99.1 to the Company's Form 8-K filed with the SEC on July 26, 2019. Exhibit 6 is Twitter's Form 10-Q for Q2 2019. Plaintiffs quote from and cite Exhibit 1 in support of their assertion that scienter can be inferred because Twitter generated the bulk of its revenue from advertising and reported the "cost per ad engagement" ("CPE") metric as a key metric in its SEC filings. CAC ¶¶ 43, 46, 124. Plaintiffs quote from and cite Exhibit 4 in support of their corrective disclosure and scienter allegations, alleging that the Form 10-Q for Q3 2019 disclosed that the software bugs "primarily affected" the MAP product and that it disclosed a negative revenue impact. *Id.* ¶¶ 98, 124, 136. Plaintiffs quote from and cite Exhibits 5 and 6 as containing alleged misstatements. *Id.* ¶¶ 104-105, 107, 109, 111, 124.

These SEC filings are properly incorporated by reference because they form the basis of Plaintiffs' claims. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (incorporating by reference SEC filings that were "integral to plaintiff's claims" where they contained alleged misstatements and supported scienter allegations). They are also properly incorporated by reference because the Complaint contains extensive "substantive" references and multiple direct quotations to each document. *In re Intel Corp. Sec. Litig.*, Case No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference where documents are cited in multiple paragraphs) (quoting *Khoja*, 899 F.3d at 1002); *see also In re Ubiquiti Networks, Inc. Sec. Litig.*, 33 F. Supp. 3d 1107, 1118 (N.D. Cal. 2014) (remanded on other grounds at 669 F. App'x. 878 (9th Cir. 2016)) (incorporating by reference SEC filings).

**Documents Containing Alleged Misstatements.** Plaintiffs allege that three additional documents contain misleading statements:

- Exhibit 2 is an August 6, 2019 Tweet from Twitter Support, and Exhibit 3 is a webpage from Twitter's Help Center titled, "An issue with your settings choices related to ads on Twitter." Plaintiffs allege that statements in these documents,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

which disclosed to users that Twitter had shared certain user data even when users had opted out, were misleading.  CAC ¶¶ 15, 16, 79, 80, 113-114.

- Exhibit 7 is a transcript of Twitter, Inc.'s Question and Answer Presentation at the Citi Global Technology Conference 2019, dated September 4, 2019.  Plaintiffs allege that statements in this document, which is a transcript of a Q&A between Defendant Ned Segal and analysts, were misleading.  *Id.*  ¶¶ 115-119.

As discussed *supra*, courts routinely find that documents cited by plaintiffs as the basis for alleged misstatements are incorporated by reference into complaints in securities actions. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5; *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (incorporating by reference "SEC filings and investor call transcripts" that provided "the ground for [defendant's] false statements and scienter"); *Evanston Police Pension Fund*, 411 F. Supp. 3d at 592-93  (incorporating by reference documents that contain "alleged misrepresentations and corrective disclosures" because they "form the basis of a Section 10(b)" claim) (citing *Khoja*, 899 F.3d at 1005).

**Documents Underlying Scienter Allegations.**  Plaintiffs extensively rely on and refer to two documents to support their claims that Defendants acted with the requisite scienter:

- Exhibit 8 contains interrogatory responses filed in *In re Twitter, Inc. Securities Litigation*, Case No. 4:16-CV-05314-JST (SK) (N.D. Cal. filed Sept. 16, 2016). Plaintiffs cite these interrogatory responses and rely on them as the sole basis for their allegation that daily emails containing summaries of "Key Metrics" were disseminated to senior Twitter executives, including Defendant Dorsey."  CAC ¶ 88 n.9.  Plaintiffs allege that these interrogatory responses support "a reasonable inference that Defendants continued to closely follow Key Metrics during the Class Period," and therefore were purportedly aware of a decline in MAP revenues at some point in the third quarter of 2019.  *Id*. ¶¶ 14, 17, 37, 116, 124-130, 138.

- Exhibit 9 is a declaration also filed in *In re Twitter, Inc. Securities Litigation,* Case No. 4:16-CV-05314-JST (SK) (N.D. Cal. filed Sept. 16, 2016).  Plaintiffs

cite and rely on the declaration as the basis for their allegation that Defendants expected the MAP product to have a positive future impact on earnings. CAC ¶ 62; *see also id.* ¶ 132. Plaintiffs allege that Defendants' purported focus on MAP, including as evidenced by this 2015 declaration prior to the class period, supports a "strong inference" that Defendants were aware of a decline in MAP revenues during the class period. *Id.* ¶¶ 131-133.

As discussed *supra*, courts routinely find documents cited by plaintiffs as the basis for scienter allegations to be incorporated by reference into complaints in securities actions. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (incorporating by reference documents used to demonstrate scienter because they are "integral to plaintiff's claims"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (incorporating by reference "SEC filings and investor call transcripts" that provided "the ground for [defendant's] false statements and scienter").

### B.   Exhibits 1-13 Are Properly Subject to Judicial Notice

Judicial notice "is appropriate for adjudicative facts that are not subject to reasonable dispute." *In re Intel Corp.*, 2019 WL 1427660, at *6. Under the judicial notice rule, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**SEC Filings.** While Exhibits 1, 4, 5 and 6 are incorporated by reference into the Complaint, *supra* Section II.A, the Court may also consider them because they are SEC filings properly subject to judicial notice. *See* Fed. R. Evid. 201(b); *Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (citation omitted) (SEC filings subject to judicial notice); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, Case No. 15-cv-02938-HSG, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (citation omitted) (taking judicial notice of SEC filings)*; In re Intel Corp.*, 2019 WL 1427660, at *7 (taking judicial notice of Form 10-K that was not incorporated by reference into a complaint); *In re Violin Memory Sec. Litig.*, No. 13-CV-5486 YGR, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (taking judicial notice of SEC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

filings). Courts routinely take judicial notice of SEC filings to determine what information a company "disclosed to the market." *In re Aqua Metals, Inc.*, 2019 WL 3817849, at *5 (taking judicial notice of SEC filings "for the purpose of determining what was disclosed to the market"); *Russian Hill Capital, LP v. Energy Corp. of Am.*, Case No. 15-cv-02554-HSG, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings to the extent that they show defendants "made the statements contained therein"); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (taking judicial notice of SEC filings "for the purpose of determining what statements the documents contain") (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 996). Here, the Court may take judicial notice of the fact that Twitter disclosed the content of Exhibits 1, 4, and 6.

**Publicly Available Documents from Twitter's Website.** Exhibits 2 and 3 each contain alleged misstatements and are incorporated by reference into the Complaint, *supra* Section II.A, but they may also be considered because they are subject to judicial notice. Exhibits 2 and 3 are each publicly distributed on Twitter's website, and their existence cannot be reasonably questioned. Courts routinely take judicial notice of publicly available content on companies' websites. *See, e.g.*, *Reese v. Malone*, 747 F.3d 557, 570 n.8 (9th Cir. 2014) (taking judicial notice of university website), overruled on other grounds by *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017); *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1241-42 (N.D. Cal. 2017) (taking judicial notice of Facebook's online policies); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (taking judicial notice of the Yelp Privacy Policies); *In re Google Assistant Privacy Litig.*, Case No. 19-cv-04286-BLF, 2020 WL 2219022, at *4 (N.D. Cal. May 6, 2020) (taking judicial notice of materials from "a publicly accessible website" because "[i]t is well-established that courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (internal citation omitted). Here too, the Court may consider these publicly available documents for the purpose of determining what was actually available to the public.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

1    **Investor Conference Transcript.**  Exhibit 7 contains alleged misstatements and is incorporated by reference, *supra* Section II.A, but as it is publicly available and its accuracy cannot reasonably be disputed, it is also subject to judicial notice.  *See Wong v. Arlo Techs., Inc.*, Case No. 19-cv-00372-BLF, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (taking judicial notice of earnings call transcript) (citation omitted); *Hong v. Extreme Networks, Inc.*, Case No. 15-cv-04883-BLF, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of "transcripts of conference calls for the purposes of demonstrating what was disclosed to investors.").  The Court should consider Exhibit 7 for the purposes of demonstrating what was disclosed to investors at the September 4, 2019 Citi Global Technology Conference.

**Court Documents.**  Exhibits 8 and 9 form the basis of Plaintiffs' scienter allegations and are incorporated by reference into the Complaint, *supra* Section II.A, but they are also public records properly subject to judicial notice.  "Public records, including judgments and other court documents, are proper subjects of judicial notice."  *JGX, Inc. v. Handlery*, Case No. 17-cv-00287-BLF, 2018 WL 984856, at *2 (N.D. Cal. Feb. 20, 2018); *see also Dinan v. SanDisk LLC*, Case No. 18-cv-05420-BLF, 2020 WL 364277, at *3 (N.D. Cal. Jan. 22, 2020) (same); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of court documents and noting "[w]e may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *Pasillas v. Deutsche Bank Nat'l Trust Co.*, Case No. 5:12-CV-04123-LHK, 2014 WL 1006300, at *2 n.5 (N.D. Cal. Mar. 12, 2014) (taking judicial notice of "court documents already in the public record and documents filed in other courts").  Here, Exhibits 8 and 9 are on file in *In re Twitter, Inc. Securities Litigation,* Case No. 4:16-CV-05314-JST (SK) (N.D. Cal. filed Sept. 16, 2016), and the Court may take judicial notice of their content including to demonstrate when the documents were filed—long before the Class Period here—and what was actually disclosed in those documents.

**Forms 4.**  Each of the remaining exhibits is properly subject to judicial notice.  Exhibits 10-13 are Forms 4 filed with the SEC, reflecting Defendant Segal's transactions in Twitter securities.  Plaintiffs allege that Mr. Segal sold these Twitter securities (CAC ¶ 32), though they

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

do not include those allegations in their substantive scienter allegations.  *Id.* ¶¶ 123-144.  Nor do Plaintiffs attach the relevant Forms 4 to their Complaint.  Exhibits 10-13 reflect that these transactions were made pursuant to a Rule 10b5-1 plan and therefore, for the reasons argued in Defendants' Motion to Dismiss, do not support a cogent inference of scienter.  "[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."  *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012); *see also In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828-29 (N.D. Cal. 2019) (same, and taking judicial notice of Forms 4 "to show[] only that a Rule 10b5-1 plan existed and that stock sales were made pursuant to that plan").  Here, Plaintiffs have alleged Mr. Segal's trading in the Complaint, and so it is appropriate for the Court to consider Mr. Segal's Forms 4 in connection with Defendants' motion to dismiss.  *Compare Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (declining to take judicial notice of Forms 4 because the "Complaint mentions no stock sales of any kind"), *with In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d at 828-29.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find that: (1) Exhibits 1-9 to the Mattis Declaration are incorporated by reference into the Complaint and (2) Exhibits 1-13 are properly subject to judicial notice.

DATED: June 12, 2020　　　　　　　　LATHAM & WATKINS LLP

/s/ Michele D. Johnson
Michele D. Johnson (Bar No. 198298)
　michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Elizabeth L. Deeley (Bar No. 230798)
　elizabeth.deeley@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Hilary H. Mattis (Bar No. 271498)
　hilary.mattis@lw.com
140 Scott Drive
Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

Andrew B. Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
　andrew.clubok@lw.com
　susan.engel@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Attorneys for Defendants *Twitter, Inc, Jack Dorsey and Ned Segal*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' RJN ISO MOT. TO DISMISS THE
CON. CLASS ACTION COMPLAINT
Case No.: 4:19-cv-07149-YGR